RECEIVED
FEB - 3 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO: 07-60037 (04)<br>CIVIL NO: 11-00334 |
| VERSUS | JUDGE DONALD E. WALTER |
| DUC HUU PHAM | MAGISTRATE HILL |

### MEMORANDUM ORDER

Before the Court is a Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence filed by the Defendant, Duc Huu Pham ("Pham"). [Doc. #456]. The Government opposes the motion. [Doc.#491]. Pham filed a reply to the Government's opposition wherein he provided additional argument in support of his motion. [Doc. # 496]. For the reasons stated herein, Pham's motion is hereby **DENIED**.

### BACKGROUND FACTS

Pham's conviction stems from a multi-defendant indictment regarding a methamphetamine drug ring operating from areas surrounding New Iberia, Louisiana to Los Angeles, California. Arthur Basaldua ("Basaldua") and Bounthong Xaphilom ("Xaphilom") operated as the directors of conspiracy, but they received assistance from other individuals including co-defendants Israel Perez, Eng Champkungsing, Phanut Phonchinda, Travis Joseph, Christopher Aucoin, Misay Chandakham, and Pham.

Xaphilom and Basaldua, the alleged directors of the conspiracy, met while they were incarcerated in the Iberia Parish jail where they discussed a business plan to sell drugs in and around New Iberia, Louisiana. While in prison Basaldua had telephone conversations with Pham in

furtherance of the conspiracy to sell methamphetamine. These conversations were recorded and presented as evidence at trial. After Basaldua was released from jail he traveled to Los Angeles, California to purchase methamphetamine directly from Pham. This transaction was monitored by the FBI with the use of an undercover informant.

Pham was charged with one count of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 (Count 1), and with three counts of unlawful use of a communications facility in violation of 21 U.S.C. § 843(b) (Counts 16, 17, and 19). [Doc. #3]. On January 29, 2009, Pham was tried and convicted of conspiracy with intent to distribute methamphetamine (Count 1) and unlawful use of a communications facility (Counts 16 and 17).[1]

On March 10, 2009, a Pre-Sentence Investigation Report ("PSR") was issued regarding Pham's recommended sentence. Based on the November 1, 2008 version of the sentencing guidelines the PSR suggested that Pham's convictions for conspiracy (section 846) and unlawful use of a communications facility (section 843(b)) be grouped together for sentencing purposes pursuant to U.S.S.G. § 3D1.2(d). This resulted in a base offense level of 32 pursuant to U.S.S.G. § 2D1.1(c)(4), which is the section applicable to violations of § 846 and § 843(b) involving amounts of 500 grams to 1.5 kilograms of methamphetamine. An additional 2 level enhancement was added to the base offense level pursuant to U.S.S.G. § 2D1.1(b)(1) because Pham possessed a firearm during the commission of the conspiracy. This resulted in a total base offense level of 34.

Pham's criminal history was also considered. The PSR assessed one criminal history point based on two prior convictions. Two additional criminal history points were added pursuant to U.S.S.G. § 4A1.1(d) because Pham committed the charged offences while he was on probation. A

---

[1] Count 19 was dismissed.

total of three criminal points placed Pham within Level II of the Criminal History category on the sentencing chart. Using Pham's total offense level of 34 and Criminal History Category II, the PSR calculated an advisory guideline sentence of 151-188 months imprisonment.

Pham's trial attorney filed various objections to the PSR calculations. One objection raised was that the two-level enhancement should not be applied because there was insufficient evidence to establish that Pham possessed a firearm. On April 16, 2009, the Court held a sentencing hearing where Pham's attorney cross-examined two federal agents about Pham's alleged possession of the gun in question. Pham's attorney argued that Pham should not be held to be in possession of the firearm because it was found in a secret compartment in a vehicle registered to another individual. [Doc. 378].[2] The Court disagreed, finding that the evidence was sufficient to apply the two point enhancement under U.S.S.G. § 2D1.1(b)(1). [Doc. #378]. The Court considered Pham's possession of the handgun and the resulting two point enhancement when it sentenced Pham <u>below</u> the recommended guideline to a sentence of 144 months as to Count 1, 48 months as to Count 16, and 48 months as to Count 17, to run concurrently.

Pham appealed his conviction and sentence to the Fifth Circuit Court of Appeals, which affirmed. [Doc. #466]. Thereafter, Pham filed the instant motion to vacate, set aside, or correct his sentence.

## **LAW AND ANALYSIS**

Once a defendant's conviction and sentence has been upheld on direct appeal his conviction is presumed to be fair and final. *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).

---

[2] Pham's counsel did not object to the statement that government agents in Los Angeles found the gun and illegal drugs in a secret compartment of the vehicle in question.

3

As such, the issues that can be raised collaterally within the context of a section 2255 motion are limited to jurisdictional and constitutional issues as well as a narrow range of non-constitutional and non-jurisdictional errors which could not have been raised on direct appeal, and if condoned would result in "a complete miscarriage of justice". *Id.* Non-constitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding. *United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

Even where a defendant raises constitutional or jurisdictional issues on collateral review he must show both "cause" for his procedural default and "actual prejudice" resulting from the error, or he must demonstrate that he is actually innocent. *United States v. Walker*, 68 F.3d 931 (5th Cir. 1995). Otherwise, he is procedurally barred from attacking his conviction unless there is a constitutional error which would result in a complete miscarriage of justice. *United States v. Ward*, 55 F.3d 412, 414 (5th Cir. 1995).

I. <u>Alleged Constitutional Errors in the Computation and Imposition of Sentence</u>

Pham makes several arguments to support his contention that his sentence, as imposed, is unconstitutional.

First, Pham argues that the imposition of a mandatory minimum sentence potentially violates the Eighth Amendment prohibition against cruel and unusual punishment. This argument fails for two reasons: (1) this is an issue that should have been raised on direct appeal, and (2) Pham's recommended guideline sentence based on his criminal history placed him in a range above the statutory minium of 10-years, rendering this argument moot.

Second, Pham argues that the court violated *United States v. Apprendi*, 530 U.S. 466 (2000), by basing his sentence on a drug type and quantity not determined by the jury. *Apprendi* held that

"[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime *beyond the prescribed statutory maximum* must be submitted to a jury and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490 (emphasis added). Where the indictment charges a specific quantity of drug the corresponding statute will determine the maximum statutory sentence. *See United States v. Lewis*, 476 F.3d 369, 390-91 (5th Cir. 2007). If the district court does not sentence the defendant above beyond the statutory maximum there is no *Apprendi* violation. *Id.*

In this case the indictment charged Pham under 21 U.S.C. § 846 with conspiracy to possess with the intent to distribute 500 grams or more of a mixture or substance containing methamphetamine, a schedule II narcotic, in violation of 21 U.S.C. § 841. The jury found Pham guilty as charged in the indictment. The corresponding sentence set forth by statute is a term of imprisonment which may not be less than 10 years or more than life. 21 U.S.C. § 841(b)(1)(A)(viii). Pham was sentenced to 144 months, well below the statutory maximum of imprisonment for life. Accordingly, there is no violation of *Apprendi*.

Third, Pham argues that it was improper for this Court to impose a sentencing enhancement based on a finding that he possessed a firearm during the commission of the crime. The enhancement followed a finding by the Court during the sentencing hearing that Pham was in possession of a vehicle found to contain drugs and a gun, and was therefore in possession everything inside the vehicle. [Doc. #378]. Pham's argument in the instant habeas petition mirrors that of his direct appeal to the Fifth Circuit Court of Appeals. The Fifth Circuit affirmed Pham's sentence, noting that "with the mandatory use of the Guidelines excised, the Sixth Amendment will not impede a sentencing judge from finding all facts relevant to sentencing." [Doc. #447 (citation omitted)]. As such, this issue is not subject to additional review under section 2255. *U.S. v. Segler*, 37 F.3d

1131 (5th Cir. 1994).

Fourth, Pham argues that his PSR incorporated improper hearsay statements from ATF agents regarding his possession of the firearm found during the vehicle search. [Doc. #496]. Pham's argument is without merit. His counsel did not make an objection to the PSR based on alleged hearsay statements. Moreover, the federal rules of evidence, including the hearsay rule, generally do not apply to sentencing hearings. *See* Fed. R. Evid. 1101(d)(3).

A PSR "generally bears sufficient indicia of reliability to be considered as evidence by the sentencing judge in making factual determinations required by the sentencing guidelines." *United States v. Trujillo*, 502 F.3d 353, 357 (5th Cir. 2007). The Court may adopt the facts contained in the PSR "without further inquiry if those facts have an adequate evidentiary basis with sufficient indicia of reliability and the defendant does not present rebuttal evidence or otherwise demonstrate that the information in the PSR is unreliable." *Id.* (citation omitted). It is the defendant's burden to demonstrate the information in the PSR relied on by the Court is materially untrue. *Id.*

While Pham contested whether the gun contained in the hidden compartment of the vehicle was in possession, he did not contest that the gun was found in the vehicle in which he was a passenger. His counsel cross-examined the testifying agents in an effort to establish that the gun belonged to the owner of the vehicle. The Court, within its broad discretion, found that Pham was in possession of the firearm for the purposes of sentencing. Pham has failed to meet his burden of demonstrating that the information contained in the report is materially untrue. Therefore, there is no constitutional error based on the content of the PSR.

II. <u>Ineffective Assistance of Counsel</u>

Pham also argues that his sentence should be vacated because his counsel was ineffective.

The right to assistance of counsel is guaranteed by the Sixth and Fourteenth Amendments. It has long been understood that the right to counsel includes the right to *effective* assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970) (emphasis added). Absent effective assistance of counsel a "serious risk of injustice infects the trial itself." *Cuyler v. Sullivan*, 446 U.S. 335, 343 (1980). Thus, a defendant who receives ineffective assistance is constitutionally deprived of his right to counsel.

A criminal defendant's right to effective assistance of counsel is denied when (1) an attorney's performance falls below an objective standard of reasonableness, and (2) counsel's ineffective performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *Bryant v. Scott*, 28 F.3d 1411, 1414-1415 (5th Cir. 1994). Under the first prong of the *Strickland* analysis a defendant must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. *Id.* The defendant may overcome this presumption only by showing that under the "totality of the circumstances" the attorney's performance was "outside the wide range of professionally competent assistance." *Id.* at 690.

Under the second prong of the *Strickland* test the defendant must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." *Murray v. Maggio*, 736 F.2d 279, 282 (5th Cir. 1984). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The two prongs of the *Strickland* test need not be analyzed in any particular order. *See*

*Goodwin v. Johnson*, 132 F.3d 162, 173 n.6 (5th Cir. 1997); *Murray*, 736 F.2d at 282. If a defendant fails to establish either prong of the *Strickland* test his claim of ineffective assistance of counsel must fail. *See Tucker v. Johnson*, 115 F.3d 276, 280 (5th Cir. 1997); *Bryant*, 28 F.3d at 1415; *Williams v. Collins*, 16 F.3d 626, 631 (5th Cir. 1994).

Conclusory allegations of ineffective assistance of counsel are insufficient to raise a constitutional issue in a habeas proceeding. *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983). Pham's conclusory allegations are insufficient to overcome the strong presumption that his counsel provided adequate assistance and that the challenged conduct was not the product of reasonable trial strategy. *See Pondexter v. Quarterman*, 537 F.3d 511, 519 (5th Cir. 2008) (citation omitted).[3]

The majority of Pham's claims of ineffective assistance must fail because he has not shown that his counsel's performance fell below an objective standard of reasonableness, nor has he articulated how his counsel's performance prejudiced his defense. For example, Pham alleges that his counsel was ineffective for failing to object to highly prejudicial evidence without specifying the evidence in question. Similarly, Pham argues that his counsel was ineffective for failing to advise him of pleading guilty or nolo contendere, and failing to raise the issue "entrapment" or "entrapment by estoppel", without further explanation. In fact, Pham has provided little more than a statement of the applicable legal standards. The Court need not address Pham's conclusory arguments.

The remainder of Pham's arguments will be addressed in turn. First, Pham argues that his counsel was ineffective in his representation at his sentencing hearing by failing to provide an argument or legal authority that the Government is required to proffer "clear and convincing

---

[3] Although not dispositve on the merits of a 2255 motion, the Court recalls that Pham's counsel, Mr. Anthony Columbo, Jr., was a highly skilled and zealous advocate for Pham, above and beyond the minimal standard set forth in *Strickland*.

evidence" before the Court imposed the "dramatic enhancement" of U.S.S.G. § 3B1.1. However, a review of the sentencing hearing reveals that § 3B1.1 (an enhancement based on an aggravated role in the offense) was not applied in this case, and is therefore irrelevant.

Pham also argues that the his counsel was ineffective for failing to require the government to prove that the methamphetamine at issue in this case was d-methamphetamine and not l-methamphetamine for the purposes of calculating his sentence. [Doc. #496]. As the government correctly notes in its response to Pham's reply memorandum, the distinction between d and l methamphetamine was deleted from the sentencing guidelines pursuant to Amendment 518 prior to the date Pham was sentenced by the Court. [Doc. #512]. All forms of methamphetamine are now treated alike for sentencing purposes. Therefore, Pham's counsel cannot be considered ineffective for failing to raise a meritless issue.

## CONCLUSION

For the foregoing reasons, Pham's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 [Doc. #456] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this _2_ day of February, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE